Filed 11/20/13  P. v. Stephens CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE, | C073205 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM035948 & CM036383) |
| v. | |
| JOSEPH PAUL STEPHENS, JR., | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In case No. CM035948, a felony complaint filed in March 2012 charged defendant Joseph Paul Stephens, Jr., with unlawful driving or taking of a vehicle (count 1; Veh. Code, § 10851, subd. (a)) and misdemeanor evading a law enforcement officer (count 2; Veh. Code, § 2800.1).

In case No. CM036383, a felony complaint filed in April 2012 charged defendant with assaulting a peace officer with a deadly weapon (count 1; Pen. Code,[1] § 245, subd.

---

[1]    Undesignated section references are to the Penal Code.

1

(c)), recklessly evading a law enforcement officer (count 2; Veh. Code, § 2800.2), unlawful taking or driving of a vehicle (count 3; Veh. Code, § 10851, subd. (a)), and driving on a license suspended for a prior driving under the influence conviction (count 4; Veh. Code, § 14601.2). The complaint alleged as to counts 1 through 3 that defendant was released on bail or on his own recognizance when he committed the offenses (§ 12022.1).

Defendant waived preliminary hearing and jury trial as to both cases. The cases, previously joined for trial on the prosecutor's motion, were set for court trial.

Before court trial was to begin, defendant entered no contest pleas as to all counts in both cases and admitted the on-bail enhancement in case No. CM036383.

According to the probation report, in case No. CM035948, a police officer saw defendant around 2:30 a.m. on March 21, 2012, checking door handles on vehicles in an apartment complex parking lot. The officer then saw a vehicle with two suspects inside fleeing the scene. The vehicle did not yield to the officer's attempts to stop it. A chase at speeds over 90 miles per hour ensued. The chase terminated near an orchard, where the vehicle (which turned out to be stolen) was found. Defendant was later spotted walking on the roadway and arrested.

In case No. CM036383, around 2:30 a.m. on April 3, 2012, a police officer saw a vehicle, determined to be stolen, at an AM/PM gas station; defendant was the sole occupant. When the officer tried to make contact, defendant fled in the vehicle; a chase at speeds over 80 miles per hour ensued. Defendant drove into an orchard, then made a U-turn and drove head on into the pursuing police vehicle. After leaving his vehicle, he was arrested.

The trial court denied defendant's request for probation and sentenced defendant to a total state prison term of nine years, consisting of eight years four months in case No. CM036383 (five years, the upper term, on count 1, two years consecutive for the on-bail enhancement, eight months consecutive on count 2, and eight months consecutive on

2

count 3, with a concurrent jail sentence on count 4), plus eight months consecutive on count 1 (with a concurrent jail sentence on count 2) in case No. CM035948. The court awarded defendant 608 days of presentence custody credit in case No. CM036383 (304 actual days and 304 conduct days) and 17 days in case No. CM035948 (9 actual days and 8 conduct days). The court imposed a $280 restitution fine (§ 1202.4, subd. (b)) and a $280 suspended parole revocation restitution fine (§ 1202.45) as to each case, with restitution to the victims in both cases to be determined later; the court also imposed an aggregate $240 court operations fee ($160 in case No. CM036383 and $80 in case No. CM035948) (§ 1465.8), and an aggregate $180 conviction assessment ($120 in case No. CM036383 and $60 in case No. CM035948) (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                          BLEASE              , J.

We concur:

      RAYE                , P. J.

      MURRAY           , J.